**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID MACDONALD,

    Plaintiff,

v.                                                              Case No. 19-12183

CITY OF DETROIT,
DETROIT BUILDING AUTHORITY,
and DETROIT LAND BANK AUTHORITY,

    Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART NONPARTY INNER CITY CONTRACTING'S MOTION TO QUASH AND FOR PROTECTIVE ORDER AND DENYING WITHOUT PREJUDICE DEFENDANT DETROIT BUILDING AUTHORITY'S MOTION TO COMPEL**

**I. INTRODUCTION**

Plaintiff David MacDonald sues Defendants City of Detroit (the "City"), Detroit Building Authority ("DBA"), and Detroit Land Bank Authority ("DLBA") for various constitutional violations stemming from his involvement in the wrongful demolition of a home containing asbestos as part of the Detroit Demolition Program ("DDP" or the "Program"). On January 16, 2020, the court granted in part Defendants' motions to dismiss and dismissed all of Plaintiff's claims apart from his First Amendment retaliation claim. In this remaining claim, Plaintiff alleges that he complained to Defendants about the asbestos abatement practices of a City of Detroit contractor, BBEK Environmental, and that Defendants retaliated against him for making these complaints by issuing a policy which banned contractors who hired Plaintiff in a demolition capacity from participating in demolition work within the City of Detroit. This policy was announced by

the Director and Health Officer of the City's Health Department, Joneigh S. Khaldum, in a letter issued on November 6, 2018. (ECF No. 17-7, PageID.253; ECF No. 48, PageID.1533.)

Pending before the court are two discovery motions. The first, filed by nonparty Inner City Contracting, LLC ("ICC"), is a motion for a protective order and to quash a subpoena served by Defendant DBA which seeks information related to Plaintiff's involvement with ICC and its agents. The second, filed by Defendant DBA, seeks to compel Plaintiff to respond to DBA's first set of interrogatories and first document request. DBA also requests that Plaintiff supplement his Rule 26(a) disclosures. Plaintiff filed a response to this motion on April 7, 2020.

The court held a telephonic hearing on both motions on April 9, 2020. For the reasons stated on the record and explained below, the court will grant in part nonparty ICC's motion and will enter a protective order pursuant to the terms described in this order. Additionally, the court will deny without prejudice DBA's motion to compel.

## II. DISCUSSION

### A. ICC's Motion to Quash and for a Protective Order

On February 13, 2020, Defendant DBA served on nonparty ICC a subpoena for the production of:

> All records, documents, and communications arising from any services performed by David MacDonald for Inner City Contracting, LLC ("ICC")- whether as an employee, independent contractor, or consultant-from 01/01/2017 through the present- including, but not limited to, the following: his personnel file, if any; employment contracts(s), if any; independent contractor agreement(s), if any; consultation agreement(s), if any; all correspondence and communications between Mr. MacDonald and ICC's principals and agents, including, but not limited to, letters, e-mails, and text messages; and all pay stubs or check drafts issued to Mr. MacDonald.

(ECF No. 45-2, PageID.1449.)

Defendant DBA subsequently agreed to extend the response date for the subpoena until March 16, 2020, and further agreed to limit the temporal scope of its subpoena from November 6, 2018—the date on which the City announced its "policy" involving Plaintiff—to the present. Still dissatisfied with these concessions, ICC filed the instant motion.

ICC alleges that it already provided an affidavit to Defendant DLBA in which its agent, Curtis Johnson, attested that ICC has never employed Plaintiff as an employee, independent contractor, or consultant and that ICC has no personnel files or agreements for Plaintiff. (ECF No. 45, PageID.1431–32.) ICC argues that the subpoena should be quashed because it seeks information that is irrelevant, overly burdensome, proprietary, and also because ICC lacks sufficient time to respond. (ECF No. 45, PageID.1439.) In the alternative, ICC requests that the court limit the subpoena to communications between ICC and Plaintiff related to demolition work within the City of Detroit. At the hearing, ICC did not argue that it would face an undue burden in producing the information requested. Instead, ICC clarified that it opposed the subpoena because it would extend to personal communications and irrelevant information regarding Plaintiff's work opportunities in non-demolition positions outside of the City of Detroit.

Defendant DBA responds that it never received the Curtis Johnson affidavit ICC asserts that it provided to codefendant DLBA. (ECF No. 48, PageID.154.) Defendant DBA states that it "became aware" that Plaintiff may have performed work for ICC and argues that the information it requested is relevant to Plaintiff's claim for damages,

3

specifically Plaintiff's alleged loss of income and reputational harm. (ECF No. 48, PageID.1538.) At the hearing, DBA asserted that information related to Plaintiff's employment prospects outside of Detroit and in non-demolition capacities are relevant to the calculation of damages.

Nonparties to litigation may be subpoenaed to produce documents and other tangible things. Fed. R. Civ. P. 34(c). Federal Rule of Civil Procedure 45 governs the limits of a party's subpoena power and provides that the court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Determining whether a subpoena creates an "undue burden" is a case-specific inquiry requiring the court to weigh facts such as "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *New Prods. Corp. v. Dickinson Wright PLLC*, 890 F.3d 244, 251 (6th Cir. 2018) (internal quotations omitted).

At the hearing, ICC did not argue that it would face an undue burden in producing the information requested, rather it claimed that information outside of Plaintiff's demolition employment opportunities in the City of Detroit is not relevant to this case. When asked at the hearing about the scope of damages Plaintiff plans to pursue, Plaintiff's counsel responded that he will seek damages for his loss of demolition work within Detroit. However, the amended complaint broadly states that Plaintiff seeks "all compensatory and other damages incurred." (ECF No. 17, PageID.179.) Additionally, at

the hearing, Defendant DBA stated that it recently received a supplemental submission from Plaintiff in which Plaintiff states that he plans to pursue nonquantifiable damages involving his business relationships.

Based on these arguments, the court is persuaded that the subpoena should be temporally limited from November 6, 2018, to the present. The court is not persuaded, however, that information pertaining to Plaintiff's employment opportunities outside the City of Detroit and in non-demolition capacities is irrelevant. Plaintiffs have a duty to mitigate their damages in § 1983 cases. *Grace v. City of Detroit*, 216 F. App'x 485, 492 (6th Cir. 2007) (citing *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1119 (6th Cir. 1994)) ("[P]laintiffs seeking damages under § 1983 have a duty to mitigate."). Here, Plaintiff's ability to obtain comparable, non-demolition employment or demolition employment outside of Detroit is relevant to Plaintiff's damage calculation. *See Meyers*, 14 F.3d at 1119 (explaining that in a First Amendment retaliatory discharge case, "defendant must establish that substantially equivalent positions were available and that the plaintiff failed to exercise reasonable care and diligence in seeking those positions."). Thus, the court will grant in part ICC's motion for a protective order and limit DBA's subpoena to information in ICC's possession involving Plaintiff's employment opportunities, regardless of geographic scope.

## B. Defendant DBA's Motion to Compel

Defendant DBA moves to compel Plaintiff to respond to its first set of interrogatories and first request for documents. Additionally, DBA also requests that

Plaintiff[1] update his Rule 26(a) disclosures to substantiate his remaining First Amendment claim and damage calculation. DBA seeks attorney fees for preparing this motion under Rule 37.

DBA asserts that it served its first request for interrogatories and documents on Plaintiff on January 31, 2020. (ECF No. 46, PageID.1458.) Plaintiff's counsel responds that she never received the documents and that, in any event, they were premature under Federal Rule of Civil Procedure 26(d)(1) because they were mailed before the parties submitted their 26(f) Plan on February 6, 2020. (ECF No. 52, PageID.1573.) The court agrees that any discovery requests submitted before February 6, 2020, without the express agreement of the parties were premature.[2]

On March 4, 2020, Defendant DBA emailed its discovery requests to Plaintiff's counsel. Receiving no response, DBA sent a follow-up email on March 11, 2020. (ECF No. 46-4.) Plaintiff's counsel did not confirm receipt of DBA's requests until March 11, 2020, explaining that she had been in a trial the previous week and had not seen the March 4, 2020 email. (ECF NO. 45-6, PageID.1512.) The next day, on March 12, 2020, DBA offered to extend Plaintiff's time to respond to the requests by stipulation until March 20, 2020. (ECF No. 46-7.) After waiting four days for Plaintiff to respond to DBA's

---

[1] The subsection title of DBA's brief states that the court should order "all defendants to make initial disclosures" under Rule 26(a). (ECF No. 46, PageID.1473.) The substance of this section, however, relates only to Plaintiff, as does DBA's final request for relief. Thus, the court assumes that DBA's request only relates to Plaintiff's Rule 26(a) disclosures.

[2] Plaintiff's assertion that the court's practice guidelines allow for such discovery is incorrect. The court's practice guidelines encourage early discovery by agreement but specifically acknowledge that "Rule 26(d) does not authorize court-sanctioned discovery prior to the initial attorney conference."

6

proposed stipulation, DBA filed the instant motion on March 17, 2020. Plaintiff responded to that motion on April 7, 2020, and included as exhibits Plaintiff's responses to DBA's discovery requests. Additionally, Plaintiff's counsel explains in her response that she has not been to her office since Governor Whitmer issued the "shelter in place" directive in response to the coronavirus 19 pandemic and further states that she is significantly immuno-compromised. (ECF No. 52, PageID.1572.)

The court credits Plaintiff's counsel with her assertion that she did not receive DBA's discovery requests mailed January 31, 2020, and further agrees with Plaintiff that such requests were premature because they were submitted before entry of the parties' 26(f) report. Fed. R. Civ. P. 26(d)(1). Assuming, arguendo, that Plaintiff was "served" with the requests via email on March 4, 2020, the court is not persuaded that a motion to compel is necessary nor that costs are appropriate under Rule 37(a)(5)(A) in part because Plaintiff substantially completed the requests even though responses came three days after the 30-day deadline and in response to the instant motion. More significantly, costs are not appropriate here in light of the practical realities arising from the coronavirus outbreak and state of emergency declarations at both the state and national levels. The court recognizes the difficulties faced by counsel in compiling the information necessary to respond to discovery requests during these unprecedented times. The court declines to award costs under these circumstances.

At the hearing, DBA argued that Plaintiff's responses to Questions 7 and 8 of its interrogatories lacked sufficient detail. Plaintiff agreed, on the record, to supplement these answers with additional information within one week and to inform the court once such information had been provided to DBA. Based on counsel's assurances on the

record, the court will deny DBA's motion without prejudice. Should counsel fail to timely supplement Plaintiff's responses to Questions 7 and 8, DBA may refile the instant motion.

### III. CONCLUSION

Information regarding Plaintiff's employment opportunities is relevant to his mitigation of damages. The court is persuaded that DBA should be permitted to broadly inquire about Plaintiff's employment opportunities following the issuance of the November 6, 2018 directive from the City of Detroit. The court will enter a protective order for ICC consistent with these terms. Additionally, the court is not persuaded that DBA is entitled to costs for the preparation of its motion to compel. Plaintiff's delay in responding is excusable given the practical realities created by the existing pandemic, and the court is satisfied at this time with Plaintiff's assurance that he will provide additional information sufficient to satisfy DBA's interrogatories without further involvement from the court. Accordingly,

IT IS ORDERED that nonparty ICC's motion to quash and for a protective order (ECF No. 45) is GRANTED IN PART. ICC's request for a protective order is GRANTED and DBA's subpoena is LIMITED to information from November 6, 2018, to the present related to Plaintiff's employment opportunities, regardless of job title or geographic scope. The motion is DENIED in its request to quash DBA's subpoena.

IT IS FURTHER ORDERED that Defendant DBA's motion to compel (ECF No. 46) is DENIED WITHOUT PREJUDICE.

                                           s/Robert H. Cleland            /
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated: April 13, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 13, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\19-12183.MACDONALD.discovery.motions.HEK.RHC.docx